IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLARENCE JONES, JR., | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. CV205-005 |
| Dr. LUIS BURGOS; FREDDY HEIGHT; CLAUDE ROBERSON, and GEORGE WARE, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup") has filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting his medical treatment during confinement. Plaintiff filed a Motion for Summary Judgment (Doc. No. 28). Defendants Burgos, Height, Roberson, and Ware ("Defendants") filed a Motion for Summary Judgment and Response. (Doc. No. 31.) In turn, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. (Doc. No. 37.) For the reasons that follow, Plaintiff's Motion for Summary Judgment should be **DENIED,** and Defendants' Motion for Summary Judgment should be **GRANTED.**

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Burgos knew that he suffered from bullous emphysema, but failed to treat him. Plaintiff asserts that Defendants Height, Roberson,

AO 72A
(Rev. 8/82)

and Ware forced him to work in a hazardous environment where he used Textile Spot Cleaning Fluid ("TS-3"). Although they knew of the potential dangers associated with this chemical, Plaintiff avers that Defendants Height, Roberson, and Ware denied his requests for safety equipment or a job transfer. Plaintiff suffered a spontaneous pneumothorax, a condition Plaintiff contends could have been avoided if Defendant Burgos had properly treated him and Defendants Height, Roberson, and Ware had not forced him to work in a hazardous environment.

Defendants contend that Plaintiff does not present any evidence that they acted with deliberate indifference to his medical needs. Defendants aver that they are entitled to qualified immunity because they did not engage in any act or omission violating clearly established constitutional law. Defendants assert that Plaintiff's claims also fail for lack of causation connecting the alleged deliberate indifference to any damages. Defendants also assert that the Court should decline to imply a <u>Bivens</u> remedy given the statutory remedial scheme created by 18 U.S.C. § 4126.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); <u>Midrash Sephardi, Inc. v. Town of Surfside</u>, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. <u>Hickson Corp. v. Northern Crossarm Co., Inc.</u>, 357 F.3d 1256, 1259-60 (11th Cir. 2004). The Court must determine

2

"'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

### DISCUSSION AND CITATION TO AUTHORITY

**I.    Plaintiff's Eighth Amendment claim against Defendant Burgos.**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.

3

Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a layperson [sic] would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Defendant Burgos asserts that Plaintiff's claim centers on a disagreement with the course of treatment that he received for his lung condition. Defendant Burgos contends that Plaintiff has presented no evidence that he violated any contemporary standards or

4

AO 72A
(Rev. 8/82)

opinions of the medical profession. Plaintiff asserts that Defendant Burgos acted with deliberate indifference when treating his bullous emphysema, prior to his lung collapsing. Plaintiff avers that Defendant Burgos should have sent him for preventative surgery, more thoroughly advised him of his condition, and referred him to a specialist.

According to Plaintiff's medical records, Plaintiff received a pulmonary consultation during his incarceration at FCI Otisville. The specialist at that institution suggested that Plaintiff's lung condition be monitored through evaluation and x-ray. The specialist suggested preventative surgery as a last resort, should Plaintiff suffer dyspnea, a pneumothorax, or become psychologically disturbed from thinking about his condition. (Doc. No. 35-1, Burgos Dec., Ex. 2, p. 15, Att. A.) Plaintiff acknowledged that this specialist examined him and that, prior to his lung collapse, he had not suffered any of the symptoms suggesting the need for preventative surgery. (Id., Jones Dep., Ex. 3 at p. 37, 39.) In Defendant Burgos's professional opinion, a spontaneous pneumothorax is impossible to predict; however, Defendant Burgos and his staff continually provided Plaintiff with adequate medical care. (Id., Burgos Dec., Ex. 2 at p.15.)

Plaintiff acknowledges that his claim against Defendant Burgos is grounded in negligence and based on a difference of opinion. (Id., Jones Dep., Ex. 3, at 33-34.) Plaintiff concedes that he does not believe that Defendant Burgos intended to harm him. (Id. at 41.) In fact, Plaintiff states that Defendant Burgos attempted to help him and never refused to treat him. (Id.) Plaintiff's medical records also outline extensive examination and treatment by Defendant Burgos and his staff while he has been incarcerated at FCI Jesup. (Id., Burgos Dec., Ex. 2 at p.15, Atts. B-L.)

Plaintiff's claim against Defendant Burgos fails on several grounds. First, a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Second, Plaintiff indicates that the primary reason for his claim against Defendant Burgos is because of his role as supervisor in the medical unit. (Doc. No. 35-1, Jones Dep., Ex. 3 at p. 41.) A Bivens claim may not be based on a theory of respondeat superior. Peppers v. Coates, 887 F.2d 1493, 1498 n.10 (11th Cir. 1978).

Plaintiff has presented no evidence that questions Defendant Burgos's course of action, let alone establishes a deliberate indifference to his medical needs. (Doc. No. 35-1, Jones Dep., Ex. 3 at p. 40.) To the contrary, Plaintiff's deposition testimony and Defendant Burgos's affidavit refute Plaintiff's bare allegations.

**II.    Plaintiff's Eighth Amendment claims against Defendants Height, Roberson, and Ware.**

The Eighth Amendment's proscription against cruel and unusual punishment also imposes a constitutional duty upon prison officials to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

6

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. at 1319-20 (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. For summary judgment purposes, all disputed facts are resolved in accord with Plaintiff's view of the facts. Id. at 1320.

A prisoner must satisfy both an objective and a subjective inquiry. Chandler, 379 F.3d at 1289-90. Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). "Specifically, a prisoner must prove a serious medical need or the denial of the minimal civilized measure of life's necessities." Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004). As for the subjective component, "the prisoner must prove that the prison official acted with '"deliberate indifference."' Id. (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Defendants Height, Ware, and Roberson contend that they did not possess knowledge of Plaintiff's health ailments until after his lung collapsed. These Defendants aver that Plaintiff's deliberate indifference claims fail because he cannot demonstrate a constitutional violation, nor a violation of an exiting rule of law analogous to the Plaintiff's claims. Plaintiff asserts that Defendants Height, Ware, and Roberson placed him in an unsafe work environment and provided inadequate safety equipment. Plaintiff avers that

7

AO 72A
(Rev. 8/82)

his cleaning and repair job required better safety equipment to work with the cleaning agent TS-3.

Plaintiff originally requested his transfer to the cleaning and repair area, and Defendants granted his request for this promotion. (Id., Jones Dep., Ex. 3, p. 56.) Plaintiff worked in appropriate conditions with an open factory setting and several large air conditioners, as well as ventilation fans. (Id.; Roberson Dec., 6.) Plaintiff also received extensive safety training and signed a release indicating his awareness of hazardous chemicals. (Id., Height Dec., Ex. 4) Defendant Roberson issued Plaintiff safety equipment, including a disposable face mask, latex gloves, and safety glasses. (Id., Roberson Dec., Ex. 6; Jones Dep., Ex. 3 at p.48.) However, Plaintiff did not wear any of this equipment offered to him. (Id., Jones Dep., Ex. 3, p. 45-47.) In addition, the procedures for applying T-3 establishes that the shirts should be promptly vacuumed to removes fumes. (Id.) Since his lung collapsed, Plaintiff works as a quality assurance personnel and does not have direct contact with the TS-3. (Id., Ware Dec., Ex. 5; Jones Dep, Ex. 3 at p. 99.)

Plaintiff's claim fails both prongs necessary for proving a deliberate indifference claim. The evidence establishes that Defendants Roberson, Ware, and Height provided Plaintiff with a safe work environment. Plaintiff presents no evidence that other individuals working in his position expressed similar health concerns. (Id. at 76-77.) Defendants Ware and Height both state that they have received no prior similar complaints. (Doc. 35-1, Height Dec., Ex. 4; Ware Dec., Ex. 5.) Supporting these facts, Plaintiff admits that the only complaints regarding the use of TS-3 were of headaches and nausea related to the smell. (Id. at p. 58.) In fact, during Plaintiff's employment, the only medical care he sought

8

was for headaches and nausea, not conditions associated with his lung condition. (Id., Jones Dep, Ex. 3 at p. 113-14.) Defendants were unaware of his illness and unaware of any dangers that TS-3 could cause. (Id. at 78.) Defendants can not be held responsible for Plaintiff's apparent choice to ignore safety regulations, such as wearing protective equipment. (See id. at p. 45-47.)

Plaintiff fails to present any evidence of deliberate indifference. To the contrary, Plaintiff concedes that his claims against these Defendants are based on a theory of negligence. (Id. at 92, 97.) Negligent conduct does not give rise to a Bivens claim. See Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993) (discussing similar claims brought under 42 U.S.C. § 1983).

It is unnecessary to discuss the remaining grounds for summary judgment presented by Defendants Burgos, Height, Roberson and Ware.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Burgos, Height, Roberson, and Ware be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)